IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SYLVIA MARIE WILLIAMS,<br><br>       Plaintiff,<br><br>  v.<br><br>CHEVRON OIL, INC., CITY OR RICHMOND, and DOES 1 through 5000,<br><br>       Defendants.<br>                                       / | No. C 12-05488 SI<br><br>**ORDER DISMISSING CASE WITH LEAVE TO AMEND; VACATING HEARING** |

      Now before the Court is defendant City of Richmond's motion to dismiss for lack of subject matter jurisdiction and for failure to state a claim.[1] Plaintiff has filed an opposition and defendant has filed a reply. Pursuant to Civil Local Rule 7-1(b), the Court determines that these matters are appropriate for resolution without oral argument and VACATES the hearing scheduled for January 25, 2013.

      Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge a federal court's jurisdiction over the subject matter of the complaint. *See* Fed. R. Civ. Pro. 12(b)(1). The party invoking the jurisdiction of the federal court bears the burden of establishing that the court has the requisite subject matter jurisdiction to grant the relief requested. *See Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994) (citation omitted). A complaint will be dismissed if, looking at the complaint as a whole, it appears to lack federal jurisdiction either "facially" or "factually." *Thornhill Pub'g Co., Inc. v. Gen. Tel. & Elecs. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979). When the complaint is challenged for lack of subject matter jurisdiction on its face, all material allegations in the complaint will be taken as true and construed in the light most favorable to the plaintiff. *NL Indus. v. Kaplan*, 792 F.2d 896, 898

---

[1] Defendant Chevron Oil, Inc. has not yet answered plaintiff's complaint.

(9th Cir. 1986). In deciding a Rule 12(b)(1) motion which mounts a factual attack on jurisdiction, "no presumption of truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." *Mortensen v. First Fed. Savings & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977).

As a threshold matter, plaintiff's FAC fails to state the basis for federal subject matter jurisdiction.[2] Plaintiff's FAC cites "28 U.S.C. 1331, 28 U.S.C. 1343(3); 28 U.S.C 2201; 28 U.S.C 2284(a)(b)(1); 42 U.S.C. 1983, and 42 U.S.C. 1985." FAC ¶ 2. However, plaintiff's FAC contains no factual allegations supporting a finding of either diversity jurisdiction under 28 U.S.C. § 1332 or federal question jurisdiction under 28 U.S.C. § 1331, as a threshold matter.

According to the FAC, plaintiff is a resident of Richmond, California. First Amen. Compl. ¶ 3 ("FAC"). The City of Richmond is a public entity located in California. *Id.* ¶ 4. Defendant Chevron Oil, Inc. is a corporation that operates and oil refinery in Richmond, California. *Id*. Therefore, there is no federal jurisdiction under 28 U.S.C. § 1332 because the parties are not diverse.

Plaintiff's FAC similarly lacks a federal question under 28 U.S.C. § 1331. "In order to invoke federal jurisdiction under Section 1331, a plaintiff's claim must be based on some federal law independent of that statute." *U.S. on Behalf of F.T.C. v. Larkin, Hoffman, Daly & Lindgren, Ltd.*, 841 F.Supp. 899, 903 (D.Minn.1993) (citing *Merrell Dow Pharmaceuticals v. Thompson*, 478 U.S. 804 (1986)). Plaintiff's FAC is organized around four causes of action: (1) fraudulent failure to warn; (2) fraudulently concealing defective condition of oil pipes; (3) negligently causing plaintiff to ingest petro fumes; and (4) declaratory judgment and punitive damages. Plaintiff alleges that the City of Richmond neglected to inspect or regulate the oil pipes and connecting valves used by Chevron for purposes of safety. FAC ¶ 13. Thereafter, plaintiff alleges that Chevron failed to replace corroded oil pipes and connection valves, which allegedly caused fumes to leak into plaintiff's residential community. *Id.* ¶ 14-

---

[2] Because the Court finds that there is no subject matter jurisdiction, the Court need not address defendant's arguments regarding plaintiff's failure to state a claim under Fed. R. Civ. P. 12(b)(6).

2

15. Plaintiff alleges that she was injured by ingesting fumes. *Id.* ¶ 16-18. However, plaintiff fails to properly identify a federal statute independent of § 1331 under which she can state a claim. At their core, plaintiff's causes of action are state law claims for fraud and negligence.

Plaintiff also cites to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 28 U.S.C. § 1343(3), 28 U.S.C. § 2201, and 28 U.S.C. § 2284(a)(b)(1). 28 U.S.C. § 2284 is irrelevant here, as it deals with challenges to the apportionment of state or federal electoral districts. *See* 28 U.S.C. § 2284. Similarly, 28 U.S.C. § 2201 is irrelevant because it only authorizes federal courts to issue declaratory judgements, but the statute "does not itself confer federal subject-matter jurisdiction." *Fid. & Cas. Co. v. Reserve Ins. Co.*, 596 F.2d 914, 916 (9th Cir.1979).

28 U.S.C. § 1343 establishes jurisdiction for civil rights violations and along with 42 U.S.C. § 1983, authorizes "federal courts to entertain suits to redress the deprivation, under color of state law, of constitutional rights." *Hagans v. Lavine*, 415 U.S. 528, 538 (1974). However, § 1983 does not grant jurisdiction, it only provides a remedy where jurisdiction already exists pursuant to 28 U.S.C. § 1343. *Gonzaga Univ. v. Doe*, 536 U.S. 273, 285 (2002) ("§ 1983 merely provides a mechanism for enforcing individual rights 'secured' elsewhere, i.e., rights independently 'secured by the Constitution and laws' of the United States. [O]ne cannot go into court and claim a 'violation of § 1983'—for § 1983 by itself does not protect anyone against anything." (internal quotations and citations omitted)). The same holds true for 28 U.S.C. § 1985. *Giles v. Equal Employment Opportunity Comm'n*, 520 F.Supp. 1198, 1199 (E.D.Mo.1981) (noting that 42 U.S.C. § 1983 and § 1985 "do not grant jurisdiction; they merely provide a remedy in cases in which jurisdiction is present pursuant to 28 U.S.C. § 1343").

Plaintiff's FAC alleges that defendants "conspired to deprive plaintiff of each Constitutional Right guaranteed under the 8th and 14th Amendment, by subjecting the person of Sylvia Marie Williams to possible execution, contrary to those rights guaranteed to every American citizen under the 8th and 14th Amendments to the Constitution of the United States." FAC ¶ 8. However, the core harm alleged in plaintiff's FAC, ingesting fumes because of negligence and fraud, does not implicate the Eighth Amendment's ban on cruel or unusual punishment or the Fourteenth Amendment. To qualify as a

punishment subject to the Eighth Amendment, there must be a criminal penalty or punishment that attaches after a formal adjudication of guilt. *See Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979). Here plaintiff alleges only civil wrongs committed against her, but nothing related to criminal punishment or an adjudication of guilt. Section I of the Fourteenth Amendment contains a citizenship clause, due process clause, and equal protection clause. Plaintiff's state law negligence and fraud factual allegations regarding ingesting fumes in no way implicate any civil rights violations under these clauses. The remaining four sections of the Fourteenth Amendment, dealing with the appointment of representatives, participants in rebellion, the validity of public debt, and vesting Congress with enforcement authority, are also not implicated in plaintiff's FAC. Therefore, plaintiff has alleged no deprivation of civil rights under the Eighth or Fourteenth Amendments sufficient to confer federal jurisdiction under 42 U.S.C. § 1983 or § 1985. Accordingly, this Court has no jurisdiction under 28 U.S.C. § 1343.

Plaintiff's FAC fails to establish a basis for federal subject matter jurisdiction. However, plaintiff has separately requested leave to amend her complaint. *See* Dkt. No. 15. Accordingly, the Court hereby GRANTS defendant's motion to dismiss WITH LEAVE TO AMEND. Any amended complaint must state the basis for federal subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1), and must allege facts sufficient to state a plausible claim for relief pursuant to Federal Rule of Civil Procedure 12(b)(6); and must be filed **no later than February 11, 2013**. For further assistance, the Court refers plaintiff to the Legal Help Center, located in the San Francisco federal courthouse at 450 Golden Gate Avenue, 15th Floor, Room 2796 San Francisco, CA 94102, and reachable at (415) 782-9000 x8657.

**IT IS SO ORDERED.**

Dated: January 14 , 2013

SUSAN ILLSTON
United States District Judge